**ADANTÉ POINTER, ESQ., SBN 236229**
**PATRICK BUELNA, ESQ., SBN 317043**
**LATEEF GRAY, ESQ., SBN 250055**
**ANGEL ALEXANDER, ESQ., PL-492703**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Suite 208
Oakland, CA 94607
Tel: 510-929-5400
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com
Email: LGray@LawyersFTP.com
Email: AAlexander@LawyersFTP.com

Attorneys for Plaintiff, F.R.

MICHAEL A. SLATER (SBN 318899)
**THE SLATER LAW FIRM, APC**
515 South Flower Street, 18th Floor
Los Angeles, California 90071
E-mail: mslater@theslaterlawfirmapc.com
Tel: (818) 645-4406

Attorneys for Plaintiff, F.R.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| F.R., a minor, by and through her Guardian Ad Litem, MILA ROMERO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SANTA CLARA UNIFIED SCHOOL DISTRICT, a California public entity; DANIEL FLORES, an individual; ANTHONY ALBERTS, an individual; NICOLE BILTE, an individual; MELISSA LE, an individual; and DOES 1-25, inclusive.<br><br>　　　　Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>(1) Violation of the Right to Bodily Integrity (42 U.S.C. § 1983)<br><br>(2) Excessive Force in violation of the Fourth Amendment (42 U.S.C. § 1983)<br><br>(3) Violation of the Tom Bane Civil Rights Act (Cal. Civ. Code § 52.1)<br><br>(4) Battery<br><br>(5) Intentional Infliction of Emotional Distress<br><br>(6) Negligence<br><br>(7) Supervisory Liability under the Fourteenth Amendment (42 U.S.C. § 1983)<br><br>**DEMAND FOR JURY TRIAL** |

/ / /

/ / /

**COMPLAINT FOR DAMAGES**

Plaintiff F.R., by and through her Guardian Ad Litem, Mila Romero, for her Complaint for damages against Defendants Santa Clara Unified School District, Daniel Flores, Anthony Alberts, Nicole Bilte, Melissa Le and DOES 1 through 25, inclusive (collectively, "Defendants"), alleges as follows:

**THE PARTIES**

1. Plaintiff F.R. ("Plaintiff") is a citizen of the United States who, at the times of the violations of law alleged herein resided and at the present time, continues to reside with her mother, Mila Romero, within the jurisdictional boundaries of the Santa Clara Unified School District and the County of Santa Clara. At all times relevant herein, and at the present time, Plaintiff was, and continues to be, a minor having been born in 2017.

2. Mila Romero ("Mother") is a citizen of the United States who, at the time of the violations of law alleged herein resided and at the present time, continues to reside with Plaintiff in the City of Santa Clara, California (the "Home"). Mother brings this action as Guardian Ad Litem for Plaintiff.

3. Santa Clara Unified School District ("Santa Clara USD") is a public entity duly organized and existing under California law as a school district. Santa Clara USD is located within Santa Clara County, California.

4. Defendant Daniel Flores ("Coach Danny") is an individual who, at the time of the violations of law alleged herein, was employed by the Santa Clara USD as a teacher and/or coach at the Don Callejon School (4176 Lick Mill Boulevard, Santa Clara, California 95054), where Plaintiff was a student. At the times of the violations of law alleged herein, Coach Danny was acting within the course and scope of his employment with the Santa Clara USD. Coach Danny is being sued in his individual capacity.

5. Defendant Anthony Alberts ("Principal Alberts") is an individual who, at the time of the violations of law alleged herein, was employed by Defendant Santa Clara USD as the Principal of the Don Callejon School, where Plaintiff was a student. At the times of the violations of law alleged

herein, Principal Alberts was acting within the course and scope of his employment with the Santa Clara USD. Principal Alberts is being sued in his individual capacity.

6. Defendant Nicole Bilte ("Teacher Bilte") is an individual who, at the time of the violations of law alleged herein, was employed by Defendant Santa Clara USD as a teacher at the Don Callejon School, where Plaintiff was a student. At the times of the violations of law alleged herein, Teacher Bilte was acting within the course and scope of her employment with the Santa Clara USD. Teacher Bilte is being sued in her individual capacity.

7. Defendant Melissa Le ("Teacher Le") is an individual who, at the time of the violations of law alleged herein, was employed by Defendant Santa Clara USD as a teacher at the Don Callejon School, where Plaintiff was a student. At the times of the violations of law alleged herein, Teacher Le was acting within the course and scope of her employment with the Santa Clara USD. Teacher Le is being sued in her individual capacity.

8. Plaintiff is ignorant of the true names and/or capacities of Defendants sued herein as DOES 1 through 25 and, therefore, sue the DOE Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of the DOE Defendants when ascertained. Plaintiff believes and alleges that each of the DOE Defendants is legally responsible and liable for the incident, injuries, and damages hereinafter set forth. Each of the DOE Defendants proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, and violation of public policy. Each of the DOE Defendants is liable for their personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care, or control or upon any other act or omission.

**JURISDICTION & VENUE**

9. This Court has original jurisdiction over Plaintiff's federal law claims under 28 U.S.C. sections 1331 [federal question jurisdiction] and 1343(a)(3) [federal civil rights jurisdiction]. All claims for violations of Plaintiff's rights under the United States Constitution are brought pursuant to

42 U.S.C. section 1983. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. section 1367.

10. Venue is proper in this judicial district under 28 U.S.C. section 1391(b)(2), because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district.

11. Pursuant to the California Tort Claims Act, Plaintiff presented a tort claim to the Santa Clara USD within six months of the violations of law alleged herein, which the Santa Clara USD rejected on March 9, 2023.

## FACTUAL ALLEGATIONS

12. On August 25, 2022[1], Mother and Plaintiff's older sister witnessed Plaintiff's kindergarten teacher, Teacher Bilte, pushing Plaintiff out of and away from Teacher Bilte's classroom at the Don Callejon School (the "School").

13. On August 26, Mother noticed Plaintiff's hair had been cut[2] in a jagged manner. (The "First Haircutting Incident.") At Home, when Mom asked Plaintiff who cut Plaintiff's hair, Plaintiff indicated: "Ms. Bilte did it."

14. On August 29, when Plaintiff's father, Daniel Reese ("Father"), dropped Plaintiff off at School, Father witnessed Plaintiff tell Ms. Bilte: "You cut my hair." To which Teacher Bilte responded: "Why would I do that?"

15. In the days that followed the First Haircutting Incident, including on August 29, Plaintiff returned Home from School with scratches on her body. When Mother and Father asked Plaintiff who had scratched her, Plaintiff indicated: "Ms. Bilte did it."

16. On and before August 29, Mother and Father had started noticing signs of abuse in Plaintiff. Whereas Plaintiff had been excited to go back to School for the beginning of the school

---

[1] All dates refer to dates in 2022 unless otherwise indicated.

[2] It is not contended the First Haircutting Incident occurred on August 26. Plaintiff had a doctor's appointment on August 26. Mom discovered Plaintiff's hair had been cut at Home after Plaintiff's doctor's appointment on August 26, and Plaintiff did not go to School that day.

year, in the weeks that followed, Plaintiff no longer wanted to go to School and started telling Mother and Father that she "hated" School. On August 29, Father emailed Principal Albert regarding the above-described, pre-August-29 incidents at the School.

17. On or about August 30, Plaintiff was approached by three School personnel while at School, who told Plaintiff that Teacher Bilte did not cut Plaintiff's hair. Plaintiff reported her encounter with the three School personnel to Mother and Father. When Mother and Father asked Plaintiff who the three School personnel were, Plaintiff indicated: Teacher Bilte; a female School teacher with a last name sounding like "Gray," but whose identity is presently unknown; and a male School "Coach," who has since been determined Coach Danny. (The "Confrontation Incident.")

18. On information and belief, certain School personnel are called "coaches" even though they are not associated with actual sports coaching or physical education.

19. On August 31, Mother and Father met with Principal Alberts in-person to discuss pre-August-31 incidents at the School and ways to address them.

20. On September 2, Mother emailed Principal Alberts regarding: (1) the Confrontation Incident; and (2) that, when Mother was picking up Plaintiff from School, Coach Danny asked Mother whether Plaintiff wore shorts under her dress—Plaintiff had apparently done a cartwheel and either Coach Danny or some other School personnel had observed Plaintiff was not wearing shorts under her dress.

21. On September 9, Mother and Father met with Principal Alberts for an additional time to discuss the pre-September-9 incidents at the School and ways to address them. Also on September 9, Principal Alberts introduced Plaintiff to the School's Plaintiff & Wellness Center. Also on September 9, Plaintiff returned Home from School with a long scratch on her face.

22. On September 13, Plaintiff returned Home from School with her hair cut again—this time, in a clean, straight line and not in a jagged manner. (The "Second Haircutting Incident.") When Mother asked Plaintiff who cut Plaintiff's hair, Plaintiff indicated that it was Teacher Bilte. On September 13, Plaintiff also returned Home from School with a long scratch on her face.

23. On September 14, Mother and Father reported the pre-September-14 incidents to the City of Santa Clara Police Department. (Report No. 1129142022.) Also on September 14, Mother and Father met with Principal Alberts telephonically and in-person to discuss the pre-September-14 incidents and ways to address them. During their in-person meeting, Father and Principal Alberts reviewed School video footage to determine what had happened on September 13. Principal Alberts was unable to conclude that Plaintiff's hair had been cut on campus (not only was it the inside / under portion of Plaintiff's hair that was cut, but there are no cameras in any of the classrooms or inner-hallways at the School and the video quality that did exist was poor quality); however, Principal Alberts acknowledged, upon seeing Plaintiff in-person on September 14, that Plaintiff's hair had been cut.

24. On September 14, Principal Alberts removed Plaintiff from Teacher Bilte's class and reassigned Plaintiff to School teacher, Melissa Le's ("Teacher Le"), class.

25. When Mother and Father were dropping Plaintiff off at School on September 15, Principal Alberts told them that he had instructed Teacher Bilte to have no contact with Plaintiff. (Mother and Father would later learn that Teacher Bilte did have contact with Plaintiff notwithstanding Principal Albert's instructions, including on Teacher Le's birthday when Teacher Le was not at School.)

26. Also on September 15, Mother emailed Principal Alberts to inform him that Plaintiff had urinated in her pants three times in the previous week—which was unusual for Plaintiff and concerning to Mother and Father as a potential sign of physical abuse.

27. On September 21, during and while Plaintiff was at School, Plaintiff was sexually battered. (The "Sexual Battery Incident.") When Mother and Father picked Plaintiff up from School on September 21, they noticed that Plaintiff was covered in dirt and sitting uncharacteristically quietly at a table next to Coach Danny. Plaintiff appeared to Mother and Father to be despondent; she was silent; she did not get up to greet Mother and Father as she usually did.

28. After returning Home from School on September 21, Mother noticed Plaintiff was limping and, after Plaintiff complained to Mother of pain in her groin area while bathing, Mother

discovered Plaintiff had vaginal and perineal injuries resulting in inflammation and discharge. When Mother asked Plaintiff who had hurt her in her groin area, Plaintiff indicated that "teacher" had. (It is typical for students at the School, including Plaintiff, to refer to "teachers" and "coaches" interchangeably. On the evening of the Sexual Battery Incident, at Stanford Hospital's Emergency Department, Plaintiff indicated to Stanford personnel that she had been in a School classroom with "coach" on the date of the Sexual Battery Incident, and that "teacher" had sent her to a School bathroom, where she was not alone, on the date of the Sexual Battery Incident.)

29. Also on September 21, Plaintiff was scratched across her face. Plaintiff identified Ms. Le as the person responsible for scratching her.

30. On the evening of September 21, after having called and provided a statement to the Santa Clara Police Department ("SCPD") at Home regarding the Sexual Battery Incident (Report No. 2209210120), Mother and Father brought Plaintiff to Stanford Hospital's Emergency Department—where Plaintiff was evaluated and interviewed but ultimately referred to a different facility for a pediatric forensic physical evaluation.[3]

31. In the early hours of September 22, together with SCPD officers who had been called by Stanford Hospital to provide escort, Mother and Father brought Plaintiff to Santa Clara Valley Medical Center and then the Pediatric Child Advocacy Rape Center, where a pediatric forensic examination was performed. (The "Forensic Exam.") As a result of the Forensic Exam, it has been determined that DNA not belonging to Plaintiff, Mother or Father was found in Plaintiff's groin area.

32. Plaintiff sustained myriad injuries as a direct result of the Sexual Battery Incident, including vaginal and perineal pain and bruising. Plaintiff has also experienced emotional distress and trauma, which remain ongoing, as a direct result of the Sexual Battery Incident, Haircutting Incidents and Confrontation Incident.

///

---

[3] On information and belief, Stanford Hospital determined Plaintiff could not be evaluated there without the possibility that evidence would be destroyed, so Stanford Hospital referred Plaintiff to a different facility.

**FIRST CLAIM FOR RELIEF**

**Violation of the Right to Bodily Integrity (14th Amendment | 42 U.S.C. § 1983)**

**(Against Daniel Flores, Nicole Bilte, Melissa Le & DOES 1 through 25)**

33. Plaintiff incorporates all the foregoing allegations of this Complaint as though fully set forth herein.

34. The Fourteenth Amendment to the United States Constitution guarantees Plaintiff the constitutional right to be free from violations of her bodily integrity, including to be free from physical abuse by School personnel.

35. On August 25, 2022, Mother and Plaintiff's sister witnessed Teacher Bilte pushing Plaintiff out of and away from Teacher Bilte's classroom at the School.

36. On August 26, the "First Haircutting Incident occurred. At Home, when Mom asked Plaintiff who cut Plaintiff's hair, Plaintiff indicated: "Ms. Bilte did it."

37. On September 9, Plaintiff returned Home from School with a long scratch on her face.

38. On September 21, during and while Plaintiff was at School, the Sexual Battery Incident occurred. When Mother and Father picked Plaintiff up from School on September 21, they noticed that Plaintiff was covered in dirt and sitting uncharacteristically quietly at a table next to Coach Danny. Plaintiff appeared to Mother and Father to be despondent; she was silent; she did not get up to greet Mother and Father as she usually did.

39. After returning Home from School on September 21, Mother noticed Plaintiff was limping and, after Plaintiff complained to Mother of pain in her groin area while bathing, Mother discovered Plaintiff had vaginal and perineal injuries resulting in inflammation and discharge. When Mother asked Plaintiff who had hurt her in her groin area, Plaintiff indicated that "teacher" had. (It is typical for students at the School, including Plaintiff, to refer to "teachers" and "coaches" interchangeably. On the evening of the Sexual Battery Incident, at Stanford Hospital's Emergency Department, Plaintiff indicated to Stanford personnel that she had been in a School classroom with "coach" on the date of the Sexual Battery Incident, and that "teacher" had sent her to a School bathroom, where she was not alone, on the date of the Sexual Battery Incident.)

40. Also on September 21, Plaintiff was scratched across her face. Plaintiff identified the person responsible for scratching her as Ms. Le.

41. On the evening of September 21, after having called and provided a statement to the SCPD at Home regarding the Sexual Battery Incident (Report No. 2209210120), Mother and Father brought Plaintiff to Stanford Hospital's Emergency Department—where Plaintiff was evaluated and interviewed but ultimately referred to a different facility for a pediatric forensic physical evaluation.

42. In the early hours of September 22, together with SCPD officers who had been called by Stanford Hospital to provide escort, Mother and Father brought Plaintiff to Santa Clara Valley Medical Center and then the Forensic Exam was performed. As a result of the Forensic Exam, it has been determined that DNA not belonging to Plaintiff was found in Plaintiff's groin area.

43. The foregoing conduct described in Paragraphs 35 through 40 of this Complaint will be referred to herein collectively as the "Subject Physical Abuses.")

44. The Subject Physical Abuses perpetrated against Plaintiff by Coach Danny, Teacher Bilte, Teacher Le and DOE Defendants were egregious, outrageous and shock the conscience; and/or were committed with oppression and/or malice; and/or were despicable and perpetrated with a willful and conscious disregard for Plaintiff's safety and wellbeing.

45. As a direct and proximate result of the Subject Physical Abuses perpetrated by Coach Danny, Teacher Bilte, Teacher Le and DOE Defendants, Plaintiff experienced and continues to experience physical injuries and severe emotional distress.

## SECOND CLAIM FOR RELIEF

**Excessive Force & Unreasonable Corporal Punishment (4th Amendment | 42 U.S.C. § 1983)**

**(Against Daniel Flores, Nicole Bilte, Melissa Le & DOES 1 through 25)**

46. Plaintiff incorporates all the foregoing allegations of this Complaint as though fully set forth herein.

47. The Fourth Amendment to the United States Constitution guarantees Plaintiff the constitutional right to be free from excessive force and unreasonable corporation punishment at School.

48. Coach Danny, Teacher Bilte, Teacher Le and DOE Defendants violated Plaintiff's Fourth Amendment right to be free from excessive force and unreasonable corporation punishment at School when they employed the Subject Physical Abuses against Plaintiff.

49. The Subject Physical Abuses perpetrated against Plaintiff by Coach Danny, Teacher Bilte, Teacher Le and DOE Defendants were egregious, outrageous and shock the conscience; and/or were committed with oppression and/or malice; and/or were despicable and perpetrated with a willful and conscious disregard for Plaintiff's safety and wellbeing.

50. As a direct and proximate result of the Subject Physical Abuses perpetrated against Plaintiff by Coach Danny, Teacher Bilte, Teacher Le and DOE Defendants, Plaintiff experienced and continues to experience physical injuries and severe emotional distress.

## THIRD CLAIM FOR RELIEF

**Violation of the Tom Bane Civil Rights Act (Cal. Civ. Code § 52.1)**

**(Against Daniel Flores, Nicole Bilte, Melissa Le & DOES 1 through 25)**

51. Plaintiff incorporates all the foregoing allegations of this Complaint as though fully set forth herein.

52. The Tom Bane Civil Rights Act (the "Bane Act") allows an aggrieved individual to bring a civil action for damages when that individual's constitutional or statutory rights have been "interfered with ... by threats, intimidation, or coercion" or by attempts to threaten, intimidate, or coerce. Cal. Civ. Code § 52.1(a)-(b).

53. By perpetrating Subject Physical Abuses against Plaintiff; Coach Danny, Teacher Bilte, Teacher Le and DOE Defendants interfered with Plaintiff's constitutional and statutory rights by threats, intimidation and/or coercion.

54. Coach Danny, Teacher Bilte, Teacher Le and DOE Defendants had specific intent to interfere with Plaintiff's constitutional and statutory rights when they perpetrated the Subject Physical Abuses against Plaintiff.

55. The Subject Physical Abuses perpetrated against Plaintiff by Coach Danny, Teacher Bilte, Teacher Le and DOE Defendants were egregious, outrageous and shock the conscience; and/or

were committed with oppression and/or malice; and/or were despicable and perpetrated with a willful and conscious disregard for Plaintiff's safety and wellbeing.

56. As a direct and proximate result of the Subject Physical Abuses perpetrated against Plaintiff by Coach Danny, Teacher Bilte, Teacher Le and DOE Defendants, Plaintiff experienced and continues to experience physical injuries and severe emotional distress.

57. Coach Danny, Teacher Bilte, Teacher Le and DOE Defendants' violation of the Bane Act were committed within the course and scope of their employment with the Santa Clara USD. The Santa Clara USD is vicariously liable for state law torts committed by Coach Danny, Teacher Bilte, Teacher Le and DOE Defendants—including, but not limited to their violations of the Bane Act as described herein, pursuant to California Government Code section 815.2(a).

## FOURTH CLAIM FOR RELIEF

### Battery

**(Against Daniel Flores, Nicole Bilte, Melissa Le & DOES 1 through 25)**

58. Plaintiff incorporates all the foregoing allegations of this Complaint as though fully set forth herein.

59. The Subject Physical Abuses perpetrated against Plaintiff by Coach Danny, Teacher Bilte, Teacher Le and DOE Defendants were intentional and meant to harm and/or offend Plaintiff.

60. Plaintiff did not consent to the Subject Physical Abuses perpetrated against Plaintiff by Coach Danny, Teacher Bilte, Teacher Le and DOE Defendants.

61. A reasonable person in Plaintiff's position would have been offended by the Subject Physical Abuses perpetrated against Plaintiff by Coach Danny, Teacher Bilte, Teacher Le and DOE Defendants.

62. The Subject Physical Abuses perpetrated against Plaintiff by Coach Danny, Teacher Bilte, Teacher Le and DOE Defendants were egregious, outrageous and shock the conscience; and/or were committed with oppression and/or malice; and/or were despicable and perpetrated with a willful and conscious disregard for Plaintiff's safety and wellbeing.

63. As a direct and proximate result of the Subject Physical Abuses perpetrated against Plaintiff by Coach Danny, Teacher Bilte, Teacher Le and DOE Defendants, Plaintiff experienced and continues to experience physical injuries and severe emotional distress.

64. Coach Danny, Teacher Bilte, Teacher Le and DOE Defendants' battery acts were committed within the course and scope of their employment with the Santa Clara USD. The Santa Clara USD is vicariously liable for state law torts committed by Coach Danny, Teacher Bilte, Teacher Le and DOE Defendants—including, but not limited to their battery acts described herein, pursuant to California Government Code section 815.2(a).

## FIFTH CLAIM FOR RELIEF

**Intentional Infliction of Emotional Distress**

**(Against Daniel Flores, Nicole Bilte, Melissa Le & DOES 1 through 25)**

65. Plaintiff incorporates all the foregoing allegations of this Complaint as though fully set forth herein.

66. The Subject Physical Abuses perpetrated against Plaintiff by Coach Danny, Teacher Bilte, Teacher Le and DOE Defendants were extreme and outrageous with the intention of causing, or with reckless disregard of the probability of causing, emotional distress to Plaintiff.

67. As a direct and proximate result of the Subject Physical Abuses perpetrated against Plaintiff by Coach Danny, Teacher Bilte, Teacher Le and DOE Defendants, Plaintiff experienced and continues to experience physical injuries and severe emotional distress.

68. The Subject Physical Abuses perpetrated against Plaintiff by Coach Danny, Teacher Bilte, Teacher Le and DOE Defendants were committed within the course and scope of their employment with the Santa Clara USD. The Santa Clara USD is vicariously liable for state law torts committed by Coach Danny, Teacher Bilte, Teacher Le and DOE Defendants —including, but not limited to the Subject Physical Abuses described herein, pursuant to California Government Code section 815.2(a).

/ / /

/ / /

/ / /

## SIXTH CLAIM FOR RELIEF

### Negligence

**(Against Daniel Flores, Nicole Bilte, Melissa Le, Anthony Alberts & DOES 1 through 25)**

69. Plaintiff incorporates all the foregoing allegations of this Complaint as though fully set forth herein.

70. Coach Danny, Teacher Bilte, Teacher Le and DOE Defendants owed Plaintiff a duty of care to ensure Plaintiff's safety while at the School.

71. Coach Danny, Teacher Bilte, Teacher Le and DOE Defendants violated their duty of care to Plaintiff when they perpetrated the Subject Physical Abuses against Plaintiff.

72. As a direct and proximate result of the Subject Physical Abuses perpetrated against Plaintiff by Coach Danny, Teacher Bilte, Teacher Le and DOE Defendants, Plaintiff experienced and continues to experience physical injuries and severe emotional distress.

73. The Subject Physical Abuses perpetrated against Plaintiff by Coach Danny, Teacher Bilte, Teacher Le and DOE Defendants were committed within the course and scope of their employment with the Santa Clara USD. The Santa Clara USD is vicariously liable for state law torts committed by Coach Danny, Teacher Bilte, Teacher Le and DOE Defendants—including, but not limited to their negligence, pursuant to California Government Code section 815.2(a).

74. Principal Alberts owed Plaintiff a duty of care to ensure Plaintiff's safety while at the School.

75. Principal Alberts was on notice that Coach Danny, Teacher Bilte, Teacher Le and DOE Defendants were not taking steps to ensure Plaintiff's safety while under their supervision at School.

76. For example, on August 29, Father emailed Principal Albert regarding the pre-August-29 incidents at the School.

77. On August 31, Mother and Father met with Principal Alberts in-person to discuss pre-August-31 incidents at the School and ways to address them.

78. On September 2, Mother emailed Principal Alberts regarding: (1) the Confrontation Incident; and (2) that, when Mother was picking up Plaintiff from School, Coach Danny asked Mother whether Plaintiff wore shorts under her dress—Plaintiff had apparently done a cartwheel and either

Coach Danny Coach Danny or some other School personnel had observed Plaintiff was not wearing shorts under her dress.

79. On September 9, Mother and Father met with Principal Alberts for an additional time to discuss the pre-September-9 incidents at the School and ways to address them. Also on September 9, Principal Alberts introduced Plaintiff to the School's Plaintiff & Wellness Center.

80. On September 14, September 14, Mother and Father met with Principal Alberts telephonically and in-person to discuss the pre-September-14 incidents and ways to address them. During their in-person meeting, Father and Principal Alberts reviewed School video footage to determine what had happened on September 13. Principal Alberts was unable to conclude that Plaintiff's hair had been cut on campus (not only was it the inside / under portion of Plaintiff's hair that was cut, but the video footage quality was of poor quality); however, Principal Alberts acknowledged, upon seeing Plaintiff in-person on September 14, that Plaintiff's hair had been cut. On September 14, Principal Alberts removed Plaintiff from Teacher Bilte's class and reassigned Plaintiff to Teacher Le's class.

81. When Mother and Father were dropping Plaintiff off at School on September 15, Principal Alberts told them that he had instructed Teacher Bilte to have no contact with Plaintiff. (Mother and Father would later learn that Teacher Bilte did have contact with Plaintiff notwithstanding Principal Albert's instructions, including on Teacher Le's birthday when Teacher Le was not at School.)

82. It was reasonably foreseeable to Principal Alberts that Coach Danny, Teacher Bilte, Teacher Le and DOE Defendants would perpetrate the Subject Physical Abuses against Plaintiff, given the extensive notice to Principal Alberts that Plaintiff was being harmed at School and was not safe under their supervision. Principal Albert violated his duty of care to Plaintiff when he failed to adequately hire, supervise and/or retain Coach Danny, Teacher Bilte, Teacher Le and DOE Defendants.

83. As a direct and proximate result of Principal Albert's failure to adequately hire, supervise and/or retain Coach Danny, Teacher Bilte, Teacher Le and DOE Defendants, Plaintiff experienced and continues to experience physical injuries and severe emotional distress.

84. Principal Alberts' negligence was committed within the course and scope of his employment with the Santa Clara USD. The Santa Clara USD is vicariously liable for state law torts committed by Principal Alberts—including, but not limited to his negligence, pursuant to California Government Code section 815.2(a).

## SEVENTH CLAIM FOR RELIEF

### Supervisory Liability (14th Amendment | 42 U.S.C. § 1983)

### (Against Anthony Alberts & DOES 1 through 25)

85. Plaintiff incorporates all the foregoing allegations of this Complaint as though fully set forth herein.

86. A supervisor can be liable in his individual capacity for constitutional violations for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others.

87. As set forth above: it was reasonably foreseeable to Principal Alberts that Coach Danny, Teacher Bilte, Teacher Le and DOE Defendants would perpetrate the Subject Physical Abuses against Plaintiff, given the extensive notice to Principal Alberts that Plaintiff was being harmed at School and was not safe under their supervision; and Principal Albert violated his duty of care to Plaintiff when he failed to adequately hire, supervise and/or retain Coach Danny, Teacher Bilte, Teacher Le and DOE Defendants. Principal Alberts knowingly refused to terminate the acts of Coach Danny, Teacher Bilte, Teacher Le and DOE Defendants—acts which Principal Alberts knew or reasonable should have known would result in further common law, statutory and constitutional injury to Plaintiff.

88. As a direct and proximate result of Principal Albert's own culpable action or inaction in the training, supervision or control of Coach Danny, Teacher Bilte, Teacher Le and DOE Defendants, Plaintiff experienced and continues to experience physical injuries and severe emotional distress.

/ / /

/ / /

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff F.R., by and through her Guardian Ad Litem, Mila Romero, prays for judgment against Defendants Santa Clara Unified School District, Daniel Flores, Anthony Alberts, Nicole Bilte, Melissa Le and DOES 1 through 25, as to each claim for relief as follows:

**AS TO PLAINTIFF'S FIRST CLAIM FOR RELIEF (**for the Violation of the Right to Bodily Integrity under the Fourteenth Amendment):
1. For general and special damages according to proof at trial;
2. For punitive damages (against Daniel Flores, Nicole Bilte and Melissa Le only);
3. For reasonable attorneys' fees pursuant to 42 U.S.C. section 1988(b);
4. For costs pursuant to Federal Rule of Civil Procedure section 54(d); and
5. For such other relief as the Court deems just and proper.

**AS TO PLAINTIFF'S SECOND CLAIM FOR RELIEF (**Excessive Force in violation of the Fourth Amendment):
1. For general and special damages according to proof at trial;
2. For punitive damages (against Daniel Flores, Nicole Bilte and Melissa Le only);
3. For reasonable attorneys' fees pursuant to 42 U.S.C. section 1988(b);
4. For costs pursuant to Federal Rule of Civil Procedure section 54(d); and
5. For such other relief as the Court deems just and proper.

**AS TO PLAINTIFF'S THIRD CLAIM FOR RELIEF** (for violation of the Tom Bane Civil Rights Act):
1. For three times actual damages according to proof at trial but no less than the statutory minimum;
2. For punitive damages (against Daniel Flores, Nicole Bilte and Melissa Le only);
3. For reasonable attorneys' fees pursuant to California Civil Code section 52.1;
4. For costs of suit incurred; and
5. For such other relief as the Court deems just and proper.

**AS TO PLAINTIFF'S FOURTH CLAIM FOR RELIEF** (for battery)
1. For general and special damages according to proof at trial;
2. For punitive damages (against Daniel Flores, Nicole Bilte and Melissa Le only);
3. For costs of suit incurred; and
4. For such other relief as the Court deems just and proper.

**AS TO PLAINTIFF'S FIFTH CLAIM FOR RELIEF (**for intentional infliction of emotional distress):
1. For general and special damages according to proof at trial;
2. For punitive damages (against Daniel Flores, Nicole Bilte and Melissa Le only);
3. For costs of suit incurred; and
4. For such other relief as the Court deems just and proper.

/ / /

**AS TO PLAINTIFF'S SIXTH CLAIM FOR RELIEF** (for negligence):
1. For general and special damages according to proof at trial;
2. For costs of suit incurred; and
3. For such other relief as the Court deems just and proper.

**AS TO PLAINTIFF'S SEVENTH CLAIM FOR RELIEF (**for Supervisory Liability under the Fourteenth Amendment):
1. For general and special damages according to proof at trial;
2. For reasonable attorneys' fees pursuant to 42 U.S.C. section 1988(b);
3. For costs pursuant to Federal Rule of Civil Procedure section 54(d); and
4. For such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

**WHEREFORE**, Plaintiff hereby demands a trial before a jury on all triable issues presented in this Complaint.

Dated: April 12, 2023

**POINTER & BUELNA, LLP**
**LAWYERS FOR THE PEOPLE**

By: */s/ Patrick Buelna*
ADANTÉ POINTER
PATRICK BUELNA
LATEEF GRAY
ANGEL ALEXANDER
Counsel for Plaintiff, F.R.

Dated: April 12, 2023

**THE SLATER LAW FIRM, APC**

By: */s/ Michael A. Slater*
MICHAEL A. SLATER
Counsel for Plaintiff, F.R.