**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| F. R., a minor, by and through her Guardian Ad Litem, MILA ROMERO,<br><br>  Plaintiff,<br><br>  v.<br><br>SANTA CLARA UNIFIED SCHOOL DISTRICT, et al.,<br><br>  Defendants. | Case No. 23-cv-01840-BLF<br><br>**ORDER RE MOTION TO DISMISS BROUGHT BY DEFENDANTS DISTRICT AND ALBERTS**<br><br>[Re: ECF 16] |

This action arises out of the alleged mistreatment and sexual battery of minor Plaintiff F.R. ("Plaintiff") at the public school where she attended kindergarten. In brief, Plaintiff claims that her classroom teacher, Nicole Bilte ("Bilte"), cut her hair and scratched her face; that her subsequent classroom teacher, Melissa Le ("Le"), scratched her face; and that another teacher and/or coach, Daniel Flores ("Flores"), sexually battered her. Plaintiff, through her mother acting as Guardian ad Litem, sues Bilte, Le, Flores, school principal Anthony Alberts ("Alberts"), and the Santa Clara Unified School District ("the District") under federal and state law.

Flores, Bilte, and Le have filed answers denying all allegations of wrongdoing. The District and Alberts have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The District moves to dismiss Plaintiff's claims to the extent they seek to impose vicarious liability for Flores' alleged sexual battery of her. Alberts seeks dismissal of all claims against him. The Court finds the motion to be suitable for decision without oral argument and VACATES the December 20, 2023 motion hearing. *See* Civ. L.R. 7-1(b).

The motion to dismiss brought by the District and Alberts is GRANTED IN PART WITHOUT LEAVE TO AMEND AND DENIED IN PART, as discussed below.

**I. BACKGROUND**[1]

In August 2022, Plaintiff was a kindergarten student at the Don Callejon School in Santa Clara, California. *See* FAC ¶¶ 6, 12. On August 25, 2022, Plaintiff's mother and older sister witnessed Plaintiff's kindergarten teacher, Bilte, push Plaintiff out of and away from Bilte's classroom. *See id.* ¶ 12. The next day, Plaintiff's mother noticed that Plaintiff's hair had been cut in a jagged manner. *See id.* ¶ 13. When asked who cut her hair, Plaintiff stated, "Ms. Bilte did it." *Id*. Over the next few days, Plaintiff returned home from school with scratches on her body. *See id.* ¶ 15. When asked who scratched her, Plaintiff stated, "Ms. Bilte did it." *Id*. During the same time period, Plaintiff's parents noticed that she no longer wanted to go to school. *See id.* ¶ 16. On August 29, 2022, Plaintiff's father emailed the school principal, Alberts, about the haircut and scratches. *See id.*

On August 30, 2022, Plaintiff told her parents that she had been approached by three people who told her that Bilte did not cut her hair. *See* FAC ¶ 17. Plaintiff indicated that the three people were Bilte, a female teacher whose name sounded like "Gray," and a male "coach" who has since been identified as Flores. *See id.* According to Plaintiff, some school teachers or other personnel are called "coaches" even though they are not associated with sports or physical education. *See id.* ¶ 18.

On August 31, 2022, Plaintiff's parents had an in-person meeting with the school principal, Alberts. *See* FAC ¶ 19. On September 2, 2022, Plaintiff's mother emailed Alberts regarding the alleged confrontation of Plaintiff by three school employees and also advised Alberts that Flores had asked whether Plaintiff wore shorts under her dress. *See id.* ¶ 20. Plaintiff apparently had done a cartwheel and either Flores or someone else observed that she was not wearing shorts under her dress. *See id.*

Plaintiff's parents had another in-person meeting with Alberts on September 9, 2022, to discuss the incidents at the school. *See* FAC ¶ 21. On the same day, Plaintiff came home from school with a long scratch on her face. *See id.*

---

[1] The facts alleged in the FAC are accepted as true for purposes of the Rule 12(b)(6) motion. *See Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).

1    On September 13, 2022, Plaintiff came home from school with her hair cut again, but this
2    time the cut was in a clean, straight line and was not jagged like the first haircut. *See* FAC ¶ 22.
3    When asked who had cut her hair, Plaintiff indicated that it was Bilte. *See id.* Plaintiff also had a
4    long scratch on her face. *See id.*

5    On September 14, 2022, Plaintiff's parents reported these events to the City of Santa Clara
6    Police Department ("SCPD"). *See* FAC ¶ 23. They also met with the school's principal, Alberts,
7    telephonically and in person. During that in-person meeting, Plaintiff's father and Alberts
8    reviewed the school's video footage for September 13, 2022. *See id.* The video was of poor
9    quality and did not cover any of the classrooms or interior hallways of the school; Alberts could
10   not determine whether Plaintiff's hair had been cut on the school grounds. *See id.* However,
11   Alberts removed Plaintiff from Bilte's class and placed her in the class of another teacher, Le. *See*
12   *id.* ¶ 24. On September 15, 2022, Alberts informed Plaintiff's parents that he had instructed Bilte
13   to have no contact with Plaintiff. *See id.* ¶ 25. On the same date, Plaintiff's parents emailed
14   Alberts to tell him that Plaintiff had urinated in her pants three times the previous week, which
15   was unusual for Plaintiff and concerning to the parents. *See id.* ¶ 26.

16   When Plaintiff's parents picked her up from school on September 21, 2022, she was
17   covered in dirt and sitting uncharacteristically quietly at a table next to Flores. *See* FAC ¶ 27.
18   Plaintiff looked despondent, she was silent, and she did not get up to greet her parents as usual.
19   *See id.* After arriving home, Plaintiff's mother noticed that she was limping and Plaintiff later
20   complained about groin pain while bathing. *See id.* ¶ 28. Plaintiff's mother discovered that
21   Plaintiff had vaginal and perineal injuries, inflammation, and discharge. *See id.* When asked who
22   had hurt her groin area, Plaintiff stated that "teacher" had. *See id.*

23   Plaintiff's parents called SCPD and took Plaintiff to Stanford Hospital's Emergency
24   Department. *See id.* ¶¶ 28-30. Plaintiff told Stanford Hospital personnel that she had been in a
25   school classroom with "coach." *See id.* ¶ 28. She also stated that "teacher" had sent her to a
26   school bathroom, where she was not alone. *See id.* Plaintiff and other students at the school use
27   the terms "teacher" and "coach" interchangeably. *See id.* In addition to the injuries to her groin
28   area, Plaintiff had a scratch across her face. *See id.* ¶ 29. Plaintiff identified Le as the person who

United States District Court
Northern District of California

3

scratched her. *See id.* Stanford Hospital determined that Plaintiff could not be fully evaluated there without the risk of destroying evidence; Stanford Hospital referred Plaintiff to another facility for evaluation. *See id.* ¶ 30 & n.3.

In the early hours of September 22, 2022, SCPD officers escorted Plaintiff and her parents to Santa Clara Valley Medical Center and then the Pediatric Child Advocacy Rape Center, where a pediatric forensic examination was performed. *See* FAC ¶ 31. The examination revealed DNA in Plaintiff's groin area that did not belong to Plaintiff or either parent. *See id.* Plaintiff had vaginal and perineal pain and bruising. *See id.* ¶ 32.

Based on these factual allegations, Plaintiff claims that she was physically abused and sexually battered at school. The FAC contains the following claims: (1) Violation of the Right to Bodily Integrity under the Fourteenth Amendment and 42 U.S.C. § 1983 (against Flores, Bilte, and Le); (2) Excessive Force and Unreasonable Corporal Punishment under the Fourth Amendment and 42 U.S.C. § 1983 (against Flores, Bilte, and Le); (3) Battery (against Flores, Bilte, Le, and the District); (4) Intentional Infliction of Emotional Distress (against Flores, Bilte, Le, and the District); (5) Negligence (against all Defendants); and (6) Supervisory Liability under the Fourteenth Amendment and 42 U.S.C. § 1983 (against Alberts).

## II. LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citation omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III. DISCUSSION

The District moves to dismiss Plaintiff's claims to the extent they seek to impose vicarious liability for Flores' alleged sexual battery of her, and Alberts seeks dismissal of all claims asserted against him. The Court first addresses the claims against the District, and then the claims against Alberts.

### A. The District

The District is named as a defendant in Claim 3 for battery, Claim 4 for Intentional Infliction of Emotional Distress, and Claim 5 for Negligence. As against the District, those claims are premised on the District's alleged vicarious liability for the state law torts of its employees Bilte, Le, Flores, and Alberts. *See* FAC ¶ 57, 61, 66, 77. Under California law, an employer may be vicariously liable for the torts of an employee committed within the scope of employment. *See John R. v. Oakland Unified Sch. Dist.*, 48 Cal. 3d 438, 447 (1989). "This includes willful and malicious torts as well as negligence." *Id*. (quotation marks and citation omitted).

The District does not challenge Plaintiff's claims of vicarious liability for the alleged torts of Bilte, Le, and Alberts. However, the District does seek dismissal of Plaintiff's claims of vicarious liability for Flores' sexual battery of her.[2] Under California law, an employer's vicarious liability for the torts of its employee does not extend to a teacher's sexual abuse of a student. *See John R.*, 48 Cal. 3d at 447-53. Plaintiff concedes that the District cannot be held vicariously liable for Flores' alleged sexual battery and does not oppose dismissal of Claims 3, 4, and 5 against the District to the extent they are premised on vicarious liability for Flores' alleged sexual batter. *See* Pl.'s Opp. at 2, ECF 24.

Accordingly, the motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND as to Claims 3, 4, and 5 against the District, to the extent those claims are premised on vicarious liability for Flores' alleged sexual battery of Plaintiff.

### B. Alberts

Alberts is named as a defendant in Claim 5 for negligence and Claim 6 for supervisory liability under 42 U.S.C. § 1983. Alberts moves to dismiss both claims. The Court addresses the claims in turn.

#### 1. Claim 5 for Negligence

Claim 5 is a state law claim for negligence. As asserted against Alberts, the claim is one

---

[2] The FAC does not expressly allege that Flores is the individual who sexually battered Plaintiff. However, it appears from the briefing that Plaintiff does claim that Flores sexually battered her, and the District clearly reads the FAC as alleging sexual battery by Flores.

5

1    for negligent supervision of Bilte, Le, and Flores. *See* FAC ¶¶ 67-76.  Plaintiff alleges that Alberts
2    owed a duty of care to ensure her safety while at school, that it was reasonably foreseeable to
3    Alberts that Bilte, Le, and Flores posed a danger to Plaintiff given the incidents reported to him by
4    Plaintiff's parents, and that Alberts acted negligently in supervising Bilte, Le, and Flores with the
5    result that Plaintiff was injured by them. *See* FAC ¶¶ 67-76.

6    "California law has long imposed on school authorities a duty to supervise at all times the
7    conduct of the children on the school grounds and to enforce those rules and regulations necessary
8    to their protection." *C.A. v. William S. Hart Union High Sch. Dist.*, 53 Cal. 4th 861, 869 (2012)
9    (quotation marks and citation omitted).  "The standard of care imposed upon school personnel in
10   carrying out this duty to supervise is identical to that required in the performance of their other
11   duties." *Id*. (quotation marks and citation omitted).  School personal must use the degree of care
12   that a personal of ordinary prudence would exercise under the same circumstances. *See id.*  Either
13   a "total lack of supervision" or "ineffective supervision" may give rise to a claim of negligence
14   supervision in the school context. *Id*.  "[T]he duty of care owed by school personnel includes the
15   duty to use reasonable measures to protect students from foreseeable injury at the hands of third
16   parties acting negligently or intentionally." *Id*. at 870.  "This principle has been applied in cases
17   of employees' alleged negligence resulting in injury to a student by another student, injury to a
18   student by a nonstudent, and . . . injuries to a student resulting from a teacher's sexual assault." *Id*.
19   (citations omitted).

20   Alberts contends that the FAC does not allege facts showing that he was negligent in his
21   supervision of  Bilte, Le, or Flores.  The Court discusses Alberts' alleged negligence with respect
22   to each teacher.

23                          **a.      Bilte**

24   The FAC alleges that Plaintiff's parents emailed Alberts on August 29, 2022, regarding
25   Bilte's conduct in pushing Plaintiff and Plaintiff's claims that Bilte had cut her hair and scratched
26   her. *See* FAC ¶¶ 12-16.  On August 31, 2022, Plaintiff's parents met with Alberts in person to
27   discuss those incidents and also Plaintiff's report that Bilte, Flores, and another teacher had
28   confronted her at school and told her that Bilte had not cut her hair. *See id.* ¶¶ 17-19.  On

1   September 2, 2022, Plaintiff's mother emailed Alberts about the three teachers' confrontation of
2   Plaintiff, among other things. *See id.* ¶ 20.  On September 9, 2022, Plaintiff's parents met with
3   Alberts again. *See id.* ¶ 21.  It does not appear that Alberts took any action to remove Plaintiff
4   from Bilte's classroom or to address the information provided by Plaintiff's parents at that time.

5   On September 13, 2022, Plaintiff returned home with her hair cut again and with a scratch
6   on her fact, and on September 14, 2022, Plaintiff's parents reported the series of incidents to
7   SCPD. *See id.* ¶¶ 22-23.  Plaintiff's parents also met with Alberts yet again on September 14,
8   2022. *See id.* ¶ 23.  Alberts reviewed school video footage, which was of poor quality and did not
9   cover classrooms or interior hallways. *See id.*  Alberts was unable to find video support for the
10  parents' allegations, but he did – finally – remove Plaintiff from Bilte's classroom and assign her
11  to Le's classroom  *See id.* ¶¶ 23-24.  Alberts also advised Plaintiff's parents that he had instructed
12  Bilte to have no contact with Plaintiff. *See id.* ¶ 25.  Plaintiff's parents later learned that Bilte did
13  have contact with Plaintiff, including on Le's birthday when Le was not at school. *See id.*

14  Plaintiff claims that based on her parents' numerous communications with Alberts, he
15  reasonably should have foreseen that Bilte might injure Plaintiff, and that Alberts did not use
16  reasonable measures to protect Plaintiff from such injury.  Alberts argues that Plaintiff's
17  allegations actually establish that Alberts "*did* supervise Ms. Bilte" by investigating the
18  complaints made by Plaintiff's parents and removing Plaintiff from Bilte's classroom.  Mot. at 8,
19  ECF 16.  Alberts contends that in light of these allegations, Plaintiff cannot establish that he
20  breached his duty of care to Plaintiff. *See id.*  This argument is wholly unpersuasive.  That Alberts
21  eventually took some action regarding Bilte does not insulate him from liability for negligent
22  supervision.  As noted above, Plaintiff does not have to allege a total lack of supervision – liability
23  may be premised on alleged ineffective supervision.  *See C.A.*, 53 Cal. 4th at 869.  The Court
24  concludes that Plaintiff's allegations establish, for pleading purposes, that Alberts provided
25  ineffective supervision of Bilte by delaying in taking any action provided by Plaintiff's parents
26  and ultimately taking action that was insufficient to keep Bilte away from Plaintiff.

27  Albert's motion to dismiss Claim 5 to the extent it is based on his alleged negligent
28  supervision of Bilte is DENIED.

### b. Le

The FAC alleges that Le scratched Plaintiff on a single occasion and does not contain any other allegations regarding Le. *See* FAC ¶ 29. Alberts contends that this allegation is insufficient to state a claim against him for negligent supervision of Le. Plaintiff concedes that point, and does not oppose Alberts' motion to dismiss Claim 5 to the extent it is based on his alleged negligent supervision of Le.

Albert's motion to dismiss Claim 5 to the extent it is based on his alleged negligent supervision of Le is GRANTED WITHOUT LEAVE TO AMEND.

### c. Flores

The FAC alleges that Flores was one of the three individuals who confronted Plaintiff on August 30, 2022, insisting that Bilte had not cut Plaintiff's hair; that on September 2, 2022, Flores asked Plaintiff's mother whether Plaintiff wore shorts under her dress; that Plaintiff's parents related those incidents to Alberts during their communications with him; and that the information regarding Flore was provided to Alberts in the context of a series of incidents in which Plaintiff was inappropriately touched, injured, and bullied by other teachers at the school. *See* FAC ¶¶ 17-26, 69-71. Plaintiff claims that under these circumstances, it was reasonably foreseeable to Alberts that Flores might pose a risk of harm to Plaintiff, that Alberts owed Plaintiff a duty of care to take reasonable measures to protect her from Flores, and that Albert's breach of that duty resulted in Flores' sexual battery of her. Alberts contends that the facts alleged in the FAC do not show that there was a foreseeable risk that Flores might sexually batter Plaintiff.

In the context of a claim for negligent supervision in a school, "[f]oreseeability is determined in light of all the circumstances and does not require prior identical events or injuries." *M. W. v. Panama Buena Vista Union Sch. Dist.*, 110 Cal. App. 4th 508, 519 (2003). "It is not necessary to prove that the very injury which occurred must have been foreseeable by the school authorities. . . . Their negligence is established if a reasonably prudent person would foresee that injuries of the same general type would be likely to happen in the absence of [adequate] safeguards." *Id.* (quotation marks and citation omitted, alteration in original). "Further, the issue of 'foreseeability' does not depend upon the foreseeability of a particular third party's act, but

8

1  instead focuses on whether the allegedly negligent conduct at issue created a foreseeable risk of a
2  particular kind of harm." *Id*. (quotation marks and citation omitted).
3          In *M.W.*, the California appellate court confronted the question whether the school district
4  owed the minor plaintiff a duty to protect him from the sexual assault of another student, "Chris,"
5  when the school district had no knowledge that Chris had a propensity to commit the assault. *See*
6  *M. W.*, 110 Cal. App. 4th at 516. The court determined that under all the circumstances known to
7  the school district – the lack of direct supervision in the early morning hours when the plaintiff
8  customarily arrived at school, the vulnerability of special education students such as the plaintiff,
9  and Chris's history of discipline problems – it was reasonably foreseeable that the plaintiff was at
10 risk of an assault by Chris. *See id.* at 520. The court concluded that it was not necessary for the
11 district to have foreseen that an act of sodomy could have occurred, stating that "[w]e find no
12 distinction between a physical assault and a sexual assault for purposes of foreseeability in this
13 case." *Id*.
14         Applying this reasoning, and construing the allegations of the FAC in the light most
15 favorable to Plaintiff, the Court finds that Plaintiff has alleged sufficient facts to state a claim
16 against Alberts for negligent supervision of Flores. In the weeks leading up to the alleged sexual
17 battery of Plaintiff, Alberts allegedly was informed of a series of bizarre and troubling events
18 involving multiple physical assaults on Plaintiff by Bilte and Le, Alberts also was informed that
19 Flores allegedly had inserted himself into the situation by confronting Plaintiff about her claim
20 that Bilte had cut her hair, and by asking Plaintiff's mother if she wore shorts under her dress. It
21 was not necessary for Alberts to have foreseen that the physical assaults of Plaintiff would escalate
22 to sexual assaults, or even that a sexual assault would be committed by Flores. *See M.W.*, 110 Cal.
23 App. 4th at 519. Alberts' negligence may be established if a reasonably prudent person in his
24 circumstances would foresee that injuries of the same general type – here, physical injuries –
25 would be likely to happen in the absence of adequate safeguards. *See id.* The Court concludes
26 that Plaintiff has pled facts showing that a reasonably prudent person in Alberts' position would
27 foresee that Plaintiff would suffer further physical assaults from teachers absent adequate
28 safeguards. Based on the facts alleged in the FAC, it does not appear that Alberts instituted any

9

safeguards other than to change Plaintiff's classroom teacher.

Albert's motion to dismiss Claim 5 to the extent it is based on his alleged negligent supervision of Flores is DENIED.

### 2.     Claim 6 for Supervisory Liability under 42 U.S.C. § 1983

Claim 6 alleges that Alberts is liable for violations of Plaintiff's constitutional rights under 42 U.S.C. § 1983 under the theory of supervisory liability. Specifically, Plaintiff alleges that her Fourteenth Amendment right to bodily integrity, and Fourth Amendment right to be free from excessive force, were violated by Bilte, Le, and Flores, and that Alberts may be held liable for his failure to terminate the series of events which Alberts reasonably should have known would result in those constitutional violations.

"A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (internal quotation marks and citation omitted). "The requisite causal connection can be established . . . by setting in motion a series of acts by others, or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." *Id*. at 1207-08 (internal quotation marks and citations omitted, alterations in original).

Alberts argues that he is not subject to supervisory liability for the alleged violations of Plaintiff's constitutional rights, because he responded adequately to the complaints of Plaintiff's parents. The asserted adequacy of Alberts' response is not apparent from the face of the FAC. As discussed above, Alberts was informed of a series of bizarre and troubling events that allegedly occurred at the school, including Bilte cutting Plaintiff's hair twice, Bilte and Le physically assaulting Plaintiff by scratching her, and Bilte, Flores, and another teacher bullying Plaintiff about her claim that Bilte had cut her hair. Based on the face of the FAC, it does not appear that Alberts did anything to stop this series of acts by the teachers under his supervision beyond transferring Plaintiff to a different classroom after weeks of complaints by Plaintiff's parents. It does not appear from the FAC that Alberts investigated or disciplined Bilte, Le, or Flores for their


alleged violations of Plaintiff's constitutional rights. The Court finds that under these circumstances, Plaintiff has stated a claim for § 1983 liability against Alberts under a theory of supervisory liability.

Alberts' motion to dismiss Claim 6 is DENIED.

## IV. ORDER

(1) The motion to dismiss brought by the District and Alberts is GRANTED IN PART WITHOUT LEAVE TO AMEND AND DENIED IN PART as follows:

    (a) the motion to dismiss is GRANTED IN PART WITHOUT LEAVE TO AMEND as to Claims 3, 4, and 5 against the District to the extent those claims are premised on the District's vicarious liability for Flores' alleged sexual battery of Plaintiff, and as to Claim 5 against Alberts to the extent premised on his alleged negligent supervision of Le; and

    (b) the motion to dismiss otherwise is DENIED.

(2) The District and Alberts shall answer the FAC consistent with this ruling.

(3) The Initial Case Management Conference set for December 20, 2023 at 11:00 a.m. remains on-calendar.

(4) This order terminates ECF 16.

Dated: December 15, 2023

BETH LABSON FREEMAN
United States District Judge