**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| F. R., a minor, by and through her Guardian Ad Litem, MILA ROMERO,<br><br>Plaintiff,<br><br>v.<br><br>SANTA CLARA UNIFIED SCHOOL DISTRICT; DANIEL FLORES; ANTHONY ALBERTS; NICOLE BILTE; and MELISSA LE,<br><br>Defendants. | Case No. 23-cv-01840-BLF<br><br>**ORDER VACATING HEARING ON PETITION FOR APPROVAL OF MINOR'S COMPROMISE; GRANTING PETITION; AND GRANTING ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>[Re: ECF 61, 62] |

Minor Plaintiff F.R. ("Plaintiff"), through her mother Mila Romero acting as guardian *ad litem* ("Ms. Romero"), claims that she was mistreated and sexually battered by staff at the public school where she attended kindergarten. The operative first amended complaint ("FAC") alleges federal and state law claims against three teachers, the school principal, and the Santa Clara Unified School District ("District"). *See* FAC, ECF 12. The parties have reached a settlement, and Plaintiff has filed an unopposed Petition for Approval of Minor's Compromise ("Petition"). *See* Pl.'s Pet., ECF 61. Plaintiff also has filed an administrative motion to seal the proposed order granting the Petition on the ground that it contains her full name. *See* Pl.'s Admin. Mot. to File under Seal, ECF 62. Plaintiff has filed a redacted version of the proposed order, replacing her full name with the initials F.R., on the public docket as an exhibit to the Petition. *See* Prop. Order, ECF 61-4.

The Court finds the Petition suitable for disposition without oral argument, and for that reason the hearing previously set for January 2, 2025 is VACATED. *See* Civ. L.R. 7-1(b). As discussed below, the Petition is GRANTED. The sealing motion is GRANTED.

### I. PETITION FOR MINOR'S COMPROMISE (ECF 61)

After participating in a settlement conference with Magistrate Judge Virginia K. DeMarchi, the parties reached a settlement of the case, subject to the approval of the District's Joint Powers Authority's Executive Committee. *See* Minute Entry, ECF 56; Slater Decl. ¶ 2, ECF 61-1. After such approval was obtained, the parties executed a written settlement agreement providing that Plaintiff will dismiss her claims against all Defendants with prejudice in exchange for $20,000, and that the parties will bear their own costs and attorneys' fees. *See* Pet. at 3. Plaintiff's counsel have agreed to waive their attorneys' fees and to forgo reimbursement of nearly $5,000 in costs that counsel advanced to Plaintiff. *See* Slater Decl. ¶ 3. Accordingly the entire $20,000 settlement amount will go to Plaintiff. *See id.*

Ms. Romero requests permission to spend $4,800 of the settlement amount to pay for Plaintiff to have Occupational Therapy ("OT"). Ms. Romero explains that since the events giving rise to this suit, Plaintiff has suffered emotional distress and reversion in several basic activities of daily living, including fine motor skills, potty training, and the ability to focus and socialize with others. *See* Romero Decl. ¶ 3, ECF 61-3. Plaintiff has participated in some OT sessions, with positive results, and Ms. Romero would like Plaintiff to have periodic OT sessions to help her through the 2024-2025 school year. *See id.* ¶ 4. While Ms. Romero has paid for the OT sessions Plaintiff has had, she would have a difficult time covering future OT sessions throughout the school year at $240 per session. *See id.* Ms. Romero seeks permission to use $4,800 of the settlement amount on 20 sessions of OT for Plaintiff (20 sessions x $240 per session = $4,800). The $4,800 would go solely to obtain OT sessions for Plaintiff; Ms. Romero is not seeking reimbursement for medical expenses she has paid on Plaintiff's behalf. *See id.* ¶¶ 2-4.

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (quotation marks and citation omitted). The district court should limit the scope of its inquiry to whether the net settlement amount designated

2

for the minor plaintiff is fair and reasonable in light of the facts of the case and the minor's specific claims, without regard to the proportion of the settlement amount designated for the plaintiff's counsel or adult co-plaintiffs. *See id.* at 1181-82. "If the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as proposed." *Id.* at 1179.

The *Robidoux* court limited its holding to settlement of a minor's federal claims, stating that it did "not express a view on the proper approach for a federal court to use when sitting in diversity and approving the settlement of a minor's state law claims." *Robidoux*, 638 F.3d at 1179 n.2. However, "district courts have found the *Robidoux* rule reasonable in the context of state law claims and have applied the rule to evaluate the propriety of a settlement of a minor's state law claims as well." *Frary v. Cnty. of Marin*, Case No. 12-cv-03928, 2015 WL 3776402, at *1 (N.D. Cal. June 16, 2015); *see also Mitchell v. Riverstone Residential Grp.*, No. S-11-2202, 2013 WL 1680641, at *1 (E.D. Cal. Apr. 17, 2013) (collecting cases). This Court finds those decisions to be well-reasoned, and applies the *Robidoux* rule to determine whether the settlement is in Plaintiff's best interest with respect to both her federal claims and her state law claims.

The Court finds that the settlement is fair and reasonable. Plaintiff's claims are extremely serious, but may be difficult to prove given Plaintiff's young age at the time of the events in question and the apparent lack of witnesses to the alleged abuse. Plaintiff will receive the entire $20,000 settlement amount. With respect to Ms. Romero's request to use $4,800 of the funds to provide Plaintiff with OT, the Court may authorize expenditure of settlement funds "needed for specific expenses – e.g., amounts needed for medical treatment and extracurricular activities – if sufficiently detailed and supported." *Williams v. Dumaguindin*, No. 2:20-cv-09042-VAP-(ASx), 2021 WL 8363237, at *2 (C.D. Cal. Dec. 23, 2021); *see also Robledo-Olvera v. Thrond*, No. 2:18-CV-00519-GMN-EJY, 2020 WL 13534008, at *2 (D. Nev. Aug. 28, 2020) (authorizing expenditure of minor's settlement funds for medical expenses in the amount of $2,970.27). The Court finds Ms. Romero's declaration, explaining Plaintiff's need for OT and the difficulty Ms. Romero would have affording the OT, to be sufficiently detailed to support expenditure of $4,800 of the settlement funds on OT.

Upon a finding that the settlement of a minor's claims is fair and reasonable, district courts in the Ninth Circuit generally order that such funds be deposited into a blocked account for the minor's benefit, meaning that no withdrawals from the account will be permitted absent court order, with the funds to be released to the minor upon the minor's 18th birthday. *See, e.g. Frary*, 2015 WL 3776402, at *3. The proposed order submitted with the Petition provides that the $20,000 in settlement funds shall be deposited into an interest-bearing blocked account in the minor Plaintiff's name, that no withdrawals may be made until Plaintiff reaches the age of 18 absent court order, and ordering that Ms. Romero is authorized to withdraw $4,800 from the account for use in providing OT to Plaintiff. The Court finds the language of the proposed order to be appropriate and will issue it simultaneously with the present reasoned order.

Plaintiff's Petition is GRANTED.

## II. ADMINISTRATIVE MOTION TO FILE UNDER SEAL (ECF 62)

Plaintiff has filed an unopposed motion to seal the proposed order granting her Petition on the ground that the proposed order contains her full name. Recitation of Plaintiff's full name is necessary to ensure that a blocked account be open in her name and for her benefit. Plaintiff has submitted a redacted version of the proposed order, replacing her full name with the initials F.R., on the public docket as an exhibit to the Petition.

The Court first must determine whether Plaintiff's motion to seal should be evaluated under the "compelling reasons" standard applicable to documents that are "more than tangentially related to the merits of a case," or under the lesser "good cause" standard. *See Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1101-02, 1097 (9th Cir. 2006). The Court finds the compelling reasons standard to be applicable, because issuing the proposed order granting the Petition will terminate the case. The Court finds that compelling reasons exist to seal Plaintiff's full name, the Federal Rules of Civil Procedure provide for the sealing of minors' names in court documents, and Plaintiff has a strong privacy interest in protecting her identity given the nature of her allegations.

Plaintiff's administrative sealing motion is GRANTED. The unredacted version of the proposed order granting the Petition (ECF 62-2) shall be sealed, while the redacted version of the

1 proposed order omitting Plaintiff's full name (ECF 62-2) shall remain on the public docket.  When
2 the Court signs the proposed order granting the Petition, the unredacted version containing
3 Plaintiff's full name shall be filed under seal, while a redacted version of the order shall be filed
4 on the public docket.

## III. ORDER

(1) The hearing on Plaintiff's Petition for Approval of Minor's Compromise, previously set for January 2, 2025, is VACATED.

(2) The Petition is GRANTED, and the Court will sign and file Plaintiff's proposed Order Granting Petition for Approval of Minor's Compromise simultaneously with the present order.

(3) Plaintiff's administrative motion to seal is GRANTED.  The unredacted version of the proposed order granting the Petition (ECF 62-2) shall be sealed, while the redacted version of the proposed order omitting Plaintiff's full name (ECF 62-2) shall remain on the public docket.  When the Court signs the proposed order granting the Petition, the unredacted version containing Plaintiff's full name shall be filed under seal, while a redacted version of the order shall be filed on the public docket.

(4) This order terminates ECF 61 and ECF 62.

Dated:  August 6, 2024

_____
BETH LABSON FREEMAN
United States District Judge